■ STATE WAREHOUSE Co., INC., Respondent, v STANDARD BRANDS INCORPORATED, Appellant.—Order, Supreme Court, New York County, entered June 2, 1976, granting plaintiff summary judgment on the first and second causes of action, and directing an assessment of damages, is unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Nothing in the lease agreement relieved defendant landlord from its legal obligation to deliver possession to the tenant at the commencement of the lease term, as modified. This obligation was not excused by the clause in the lease relating to abatement of rent, which appears to be a provision for liquidated damages. The validity of that clause, and its extent and limitations, will presumably be issues in the damage phase of the case. Nor is the landlord's obligation to deliver possession excused by the provision of the lease giving the tenant the right to cancel the lease in certain contingencies. The foregoing questions are merely questions of interpretation of a written instrument, questions of law which do not defeat summary judgment. The affidavits do not raise any factual issue sufficient to warrant a trial as to the existence of defenses of impossibility or mistake; the case is an ordinary case of inability by defendant landlord to perform its contractual obligation. Concur—Kupferman, J. P., Birns, Silverman and Capozzoli, JJ.

■ BANCO REAL, S. A., Respondent, v RAPHAELA TEXTILES, INC., Appellant.—Order, Supreme Court, New York County, entered on July 16, 1976, granting plaintiff's motion for summary judgment, unanimously reversed, on the law, and motion denied, without costs and without disbursements, and without prejudice to renewal thereof after the conclusion of pretrial discovery proceedings. Plaintiff is a Brazilian banking corporation, which has an office in New York City and is licensed to do business in New York State. It seeks to collect on three bills of exchange drawn in Sao Paulo, Brazil, by a supplier of goods to defendant. Defendant is named therein as drawee. The bills are payable to plaintiff at "180 days sight". Plaintiff also received three bills of lading, indorsed in blank, covering the merchandise to be supplied by the supplier. How possession of the bills of exchange and the bills of lading, indorsed in blank, were obtained by plaintiff is not sufficiently established in the present record. The merchandise in question was allegedly found to be defective and defendant seeks to avoid payment by claiming, in effect, that plaintiff's role in the transaction was that of a principal rather than a bank. We find that the present record raises questions concerning the actual relationship of the parties and whether plaintiff is a holder in due course and it appears that it is the moving party which is in exclusive possession of the facts necessary to resolve such issues. Concur—Kupferman, J. P., Birns, Silverman and Capozzoli, JJ.